Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Donald J. Enright (to be admitted *pro hac vice*)
Email: denright@zlk.com
Elizabeth K. Tripodi (to be admitted *pro hac vice*)
Email: etripodi@zlk.com
**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 337-1567

*Counsel for Plaintiff Donald Skinner*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD SKINNER, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEADYMED LTD., STEADYMED THERAPEUTICS, INC., KEITH BANK, ELIZABETH CERMAK, STEPHEN FARR, RON GINOR, DONALD HUFFMAN, JONATHAN RIGBY, and BRIAN STARK,<br><br>　　　　　Defendants. | Case No. 3:18-cv-03928<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Donald Skinner ("Plaintiff"), by and through his undersigned attorneys, brings this action against SteadyMed Ltd. ("SteadyMed" or the "Company"), SteadyMed Therapeutics, Inc. ("SteadyMed Therapeutics"), Keith Bank, Elizabeth Cermak, Stephen Farr, Ron Ginor, Donald Huffman, Jonathan Rigby, and Brian Stark, the members of the SteadyMed's board of directors (collectively referred to as the "Board" or the "Individual Defendants," and together with SteadyMed and SteadyMed Therapeutics, "Defendants") for violations of Sections 14(a) and 20(a) of the

Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, in connection with the proposed merger (the "Proposed Transaction") by and among SteadyMed, United Therapeutics Corporation ("Parent"), and Daniel 24043 Acquisition Corp. Ltd. ("Merger Sub," and together with Parent, "United").  Plaintiff alleges the following based upon personal knowledge as to himself, and upon information and belief, including the investigation of Counsel, as to all other matters.

## NATURE OF THE ACTION

1.     On April 29, 2018, SteadyMed entered into an Agreement and Plan of Merger ("Merger Agreement") with Parent and Merger Sub, pursuant to which United will acquire all outstanding stock of SteadyMed.  As part of the Proposed Transaction, each share of SteadyMed common stock will be exchanged for $4.46 in cash and an additional $2.63 per share in cash upon the achievements of milestones related to the commercialization of SteadyMed's product Trevyent.  Including this contingent consideration, the Proposed Transaction is valued at $216 million.

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy") to be filed with the SEC on June 25, 2018.  As part of the Proxy, the SteadyMed Board recommends that SteadyMed stockholders vote in favor of the Proposed Transaction at the upcoming stockholder special meeting to take place on July 30, 2018 (the "Stockholder Vote"), and agree to exchange their shares pursuant to the terms of the Merger Agreement based on, among other things, internal and external factors examined by the Board to make its recommendation and an opinion rendered by the Company's financial advisor, Wedbush Securities, Inc. ("Wedbush").

3.     However, the Proxy omits crucial information, rendering the Proxy materially misleading.  Specifically, the Proxy contains materially incomplete and misleading information concerning: (i) the valuation analyses performed by the Company's financial advisor, Wedbush; and (ii) the potential conflicts of interest faced by Wedbush.

4.     The special meeting of SteadyMed stockholders to vote on the Proposed Transaction is forthcoming.  Therefore, it is imperative that the material information omitted from the Proxy is disclosed to the Company's shareholders prior to the Stockholder Vote so that they can properly

1    exercise their corporate suffrage rights.

2      5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants

3    from consummating the Proposed Transaction unless and until the material information discussed

4    below is disclosed to SteadyMed's stockholders or, in the event the Proposed Transaction is

5    consummated, to recover damages resulting from Defendants' violations of the Exchange Act.

6                                         **PARTIES**

7      6.      Plaintiff is, and at all relevant times has been, a stockholder of SteadyMed.

8      7.      Defendant SteadyMed is a company organized under the laws of the State of Israel.

9    SteadyMed maintains its principal executive offices at 2603 Camino Ramon, Suite 350, San Ramon,

10    California 94583, but is domiciled at 5 Oppenheimer Street, Rehovot 7670105, Israel.  SteadyMed's

11    common stock is listed on the NASDAQ under the ticker symbol "STDY."

12      8.      Defendant SteadyMed Therapeutics is a corporation organized under the laws of

13    Delaware, with headquarters at 2603 Camino Ramon, Suite 350, San Ramon, California 94583.

14      9.      Defendant Keith Bank is, and has been at all relevant times, the Chairman of the Board

15    and a director of SteadyMed.

16      10.      Defendant Elizabeth Cermak is, and has been at all relevant times, a director of

17    SteadyMed.

18      11.      Defendant Stephen Farr is, and has been at all relevant times, a director of SteadyMed.

19      12.      Defendant Ron Ginor is, and has been at all relevant times, a director of SteadyMed.

20      13.      Defendant Donald Huffman is, and has been at all relevant times, a director of

21    SteadyMed.

22      14.      Defendant Jonathan Rigby is, and has been at all relevant times, the Chief Executive

23    Officer, the President, and a director of SteadyMed.

24      15.      Defendant Brian Stark is, and has been at all relevant times, a director of SteadyMed.

25      16.      The parties in paragraphs 9 through 15 are referred to herein as the "Individual

26    Defendants" and/or the "Board," and collectively with SteadyMed and SteadyMed Therapeutics,

27    "Defendants."

28      17.      Non-party Parent is a Delaware corporation and a party to the Merger Agreement.

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

Parent is headquartered at 1040 Spring Street, Silver Spring, Maryland 20910. Parent's common stock is listed on the NASDAQ under the ticker symbol "UTHR."

18.     Non-party Merger Sub is a wholly-owned subsidiary of Parent formed solely for the purpose of consummating the Proposed Transaction.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

20.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) SteadyMed controls SteadyMed Therapeutics, and SteadyMed and SteadyMed Therapeutics maintain their principal place of business in this District and each of the Individual Defendants, and Company officers or directors, either resides in this District or has extensive contacts within this District; (iii) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; (iv) most of the relevant documents pertaining to Plaintiff's claims are stored (electronically and otherwise), and evidence exists, in this District; and (v) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## SUBSTANTIVE ALLEGATIONS

**Company Background and the Proposed Transaction**

22.     SteadyMed is a specialty pharmaceutical company that develops drug products to treat orphan and high value diseases. The Company's main drug product candidate, Trevyent, is a development-stage drug-device combination product that combines the Company's PatchPump

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

technology with treprostinil to treat pulmonary arterial hypertension.

23.     On April 30, 2018, SteadyMed and Parent announced the Proposed Transaction, which states in relevant part:

> SILVER SPRING, Md. and SAN RAMON, Calif., April 30, 2018 (GLOBE NEWSWIRE) -- United Therapeutics Corporation (NASDAQ:UTHR) and SteadyMed Ltd. (NASDAQ:STDY) announced today the signing of a definitive merger agreement under which United Therapeutics will acquire SteadyMed for $4.46 per share in cash at closing and an additional $2.63 per share in cash upon the achievement of a milestone related to the commercialization of Trevyent®. The transaction, including the $75 million in contingent consideration, is valued at $216 million.
>
> SteadyMed is a specialty pharmaceutical company focused on the development and commercialization of drug product candidates to treat orphan and high-value diseases with unmet parenteral delivery needs. SteadyMed's product portfolio includes Trevyent, a development-stage drug-device combination product that combines SteadyMed's two day, single use, disposable PatchPump® technology with treprostinil, a vasodilatory prostacyclin analogue, for the subcutaneous treatment of pulmonary arterial hypertension (PAH). United Therapeutics is a leading biotechnology company focused on the development and commercialization of therapies for the treatment of PAH and other orphan diseases.
>
> "We are optimistic about acquiring SteadyMed and adding Trevyent to our pipeline of products to treat PAH," said Martine Rothblatt, Ph.D., Chairman and Chief Executive Officer of United Therapeutics. "We are especially impressed with SteadyMed's management team and global supply chain. Trevyent fits in well with our mission, and we look forward to bringing the product to the maximum number of patients as soon as possible."
>
> "United Therapeutics has always been at the forefront of developing therapies to treat PAH, and we are delighted at the prospect of our companies coming together, as one, to continue that mission," said Jonathan M.N. Rigby, President and Chief Executive Officer of SteadyMed. "We believe that this proposed acquisition will help us realize our commitment to bring Trevyent to market to improve the lives of patients with PAH."
>
> The Board of Directors of SteadyMed has unanimously approved the merger agreement and unanimously recommends that SteadyMed shareholders adopt the merger agreement. SteadyMed shareholders owning approximately 43.3 percent of the ordinary shares of SteadyMed have entered into an agreement to vote their shares in favor of the transaction.
>
> The transaction is subject to customary closing conditions, including approval by SteadyMed's shareholders and the expiration or termination of the required waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, and is expected to be completed in the third quarter of this year.
>
> United Therapeutics received legal advice from Gibson, Dunn & Crutcher and Herzog, Fox & Neeman; SteadyMed received legal advice from Cooley LLP and Yigal Arnon & Co.; and Wedbush PacGrow acted as an advisor to the SteadyMed Board of Directors.

**The Proxy Is Materially Incomplete and Misleading**

24.     On June 25, 2018, in order to convince SteadyMed stockholders to vote in favor of the Proposed Transaction, Defendants authorized the filing of a materially incomplete and misleading Proxy containing the recommendation of the Board.  The Proxy solicits the Company's stockholders to vote in favor of the Proposed Transaction.  Defendants were obligated to carefully review the Proxy before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Wedbush's Valuation Analyses and Fairness Opinion*

25.     The Proxy describes Wedbush's fairness opinion and the various valuation analyses it performed in support of its opinion.  However, the description of Wedbush's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, SteadyMed stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Wedbush's fairness opinion in determining how to cast their vote on the Proposed Transaction.  This omitted information, if disclosed, would significantly alter the total mix of information available to SteadyMed's stockholders.

26.     With respect to Wedbush's *Public Comparable Companies Analysis*, the Proxy fails to disclose the individual multiples Wedbush observed for each company, the ultimate range of multiples observed or calculated, or any summary statistics beyond the bottom and top quartile of implied per share equity value for SteadyMed.  The omission of these inputs and multiples renders the summary of the analysis and the implied values materially misleading.  A fair summary of the analyses requires the disclosure of the individual multiples; merely providing the range that a banker applied is insufficient, as SteadyMed stockholders are unable to assess whether Wedbush applied appropriate multiples, or, instead, applied unreasonably low multiples in order to drive down the Company's valuation.

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

27.     A substantially similar omission is present in the Proxy's summary of Wedbush's *Select Precedent Transactions Analysis*. The Proxy discloses the transactions analyzed, but discloses only the bottom and top quartile of the resulting implied equity values for the Company's shares. It omits any useful summary of the analysis, including the inputs utilized and the actual method utilized to value the Company. There is no indication of whether Wedbush analyzed the premiums paid in these transactions, or financial metrics of the companies within the transactions. A fair summary requires far more information, including the metric evaluated, the method utilized by Wedbush, as well as any inputs utilized by Wedbush in preparing the analysis.

28.     With respect to Wedbush's *Discounted Cash Flow Analysis*, the Proxy omits the inputs and assumptions made by Wedbush to calculate the weighted-average cost of capital range of 22.5% to 27.5%. The selection of each of these values dramatically affects the valuation of the projected future cash flows of the Company. For this reason, the omission of these values misleads SteadyMed stockholders regarding the work performed by Wedbush and the most useful determination of the Company's present value: the present value of the projected future cash flows available for disbursement to stockholders.

### *Material Omissions Concerning the Potential Conflicts of Interest Faced by Wedbush*

29.     The Proxy also fails to disclose or misstate material information relating to previous engagements between Wedbush and the Company or Parent.

30.     The Proxy discloses that Wedbush will receive fees for its services as a strategic advisor, as well as the fact that these fees are contingent on the success of the Proposed Transaction, and that Wedbush will receive a break-up fee if the Proposed Transaction is not consummated. However the Proxy **entirely omits the amount of fees** to be paid to Wedbush in either event.

31.     Furthermore, while the Proxy discloses that Wedbush was previously engaged by the Company in March 2017 and paid no fees for such engagement, the Proxy omits whether Wedbush has been engaged by Parent or its affiliates within the past two years, and, if so, the amount of fees paid to Wedbush by Parent and its affiliates.

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

32.     These omissions are in clear violation of Item 1015 of SEC Regulation M-A, which requires disclosure of "any compensation received [in the past two years] or to be received as a result of the relationship . . . ."  17 C.F.R. § 229.1015.

33.     These key omissions materially mislead SteadyMed stockholders as to incentives affecting Wedbush, including the value of the contingent fee to be paid for this transaction, and any fees paid by Parent to Wedbush previously.  Without this information, SteadyMed stockholders have received a materially misleading statement as to the objectivity and accuracy of the financial advisors' fairness opinions.

34.     In sum, the omission of the above-referenced information renders statements in the Proxy materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the Stockholder Vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## COUNT I

**(Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)**

35.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36.     Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title."  15 U.S.C. § 78n(a)(1).

37.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the

time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

38.     The omission of information from a proxy will violate Section 14(a) and Rule 14a-9 if other SEC regulations specifically require disclosure of the omitted information.

39.     Defendants have issued the Proxy with the intention of soliciting stockholder support for the Proposed Transaction.  Each Defendant reviewed and authorized the dissemination of the Proxy, which fails to provide critical information regarding, amongst other things: (i) the valuation analyses performed by the Company's financial advisor Wedbush; and (ii) the potential conflicts of interest faced by Wedbush.

40.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to SteadyMed common stockholders although they could have done so without extraordinary effort.

41.     The Individual Defendants knew or were negligent in not knowing that the Proxy is materially misleading and omits material facts that are necessary to render it not misleading.  The Individual Defendants undoubtedly reviewed and relied upon most if not all of the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Wedbush reviewed and discussed their financial analyses with the Board, and further states that the Board considered the financial analyses provided by Wedbush, as well as its fairness opinion and the assumptions made and matters considered in connection therewith.  Further, the Individual Defendants were privy to and had knowledge of the projections for the Company and the details surrounding the process leading up to the signing of the Merger Agreement.  The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Proxy, rendering the sections of the

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

Proxy identified above to be materially incomplete and misleading.   Indeed, the Individual Defendants were required to, separately, review Wedbush's analyses in connection with their receipt of the fairness opinion, question Wedbush as to the derivation of fairness, be particularly attentive to the procedures followed in preparing the Proxy, review it carefully before it was disseminated, and to corroborate that there are no material misstatements or omissions.

42.     The Individual Defendants were, at the very least, negligent in preparing and reviewing the Proxy.   The preparation of a proxy by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.   The Individual Defendants were negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully as the Company's directors.   Indeed, the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's financial projections.

43.     SteadyMed is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Proxy.

44.     The misrepresentations and omissions in the Proxy are material to Plaintiff and SteadyMed stockholders, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the Stockholder Vote on the Proposed Transaction.   Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**(Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act)**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of SteadyMed within the meaning of Section 20(a) of the Exchange Act as alleged herein.   By virtue of their positions as directors of SteadyMed, and participation in and/or awareness of the SteadyMed's operations and/or

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of SteadyMed, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.   Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.   In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of SteadyMed, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Proxy.

49.   In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.   By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.   As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of the Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.   Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's

equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that the Individual Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment and relief as follows:

A.     Enjoining Defendants, their agents, counsel, employees, and all persons acting in concert with them from consummating the Proposed Transaction, unless and until the Company discloses the material information discussed above which has been omitted from the Proxy;

B.     Directing the Individual Defendants to account to Plaintiff for all damages suffered as a result of the Individual Defendants wrongdoing;

C.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

D.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 29, 2018                          **LEVI & KORSINSKY, LLP**

By: */s/ Rosemary M. Rivas*
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Donald J. Enright (to be admitted *pro hac vice*)
Elizabeth K. Tripodi (to be admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567

*Counsel for Plaintiff Donald Skinner*

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

**CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, Donald Skinner, declare as to the claims asserted under the federal securities laws, as follows:

1. I have reviewed the Complaint and authorized its filing.

2. I did not purchase the securities that are the subject of this Complaint at the direction of Plaintiffs' counsel or in order to participate in this litigation.

3. I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.

4. I currently hold shares of SteadyMed Ltd. My purchase history is as follows:

| Purchase Date | Stock Symbol | Shares Transacted | Price Per Share |
|---------------|--------------|-------------------|-----------------|
| 04 11 17 | STDY | 100 | 7.07 |
| 04 25 17 | STDY | 50 | 6.39 |
| 10 09 17 | STDY | 250 | 3.35 |

5. During the three years prior to the date of this Certification, I have not participated nor have I sought to participate, as a representative in any class action suit in the United States District Courts under the federal securities laws.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for: (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such reasonable fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me; or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this June 29, 2018, at Jacksonville, AL.

Name: Donald Skinner

Signed: